**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US RIGHT TO KNOW<br>4096 Piedmont Avenue, # 963<br>Oakland, CA 94611-5221<br>　　　　　　　　*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF ENERGY<br>1000 Independence Avenue, S.W.<br>Washington, D.C. 20585<br><br><br><br>　　　　　　　　*Defendant*. | )<br>)<br>)<br>)<br>)<br>)　　Case No. 1:25-cv-2308<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT</u>

Plaintiff US RIGHT TO KNOW ("USRTK") for its complaint against U.S. DEPARTMENT OF ENERGY ("DoE") alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. Plaintiff seeks all available statutory relief, including but not limited to declaratory, injunctive and other relief, as well as an order directing Defendant to immediately process, on an expedited basis, and release agency records responsive to one FOIA request submitted by Plaintiff on June 2, 2025.

2. This action is filed following DoE's failure to comply with the express terms of FOIA including but not limited to its failure to provide any substantive response to the request at issue.

3. DoE's failure to comply with FOIA includes but is not limited to its failure to fulfill its obligation to make a determination, its unlawful denial of Plaintiff's request for expedited processing, and its constructive or actual withholding of responsive information and/or documents in violation of DoE's obligations.

**PARTIES**

4. Plaintiff USRTK is a nonprofit newsroom and public health research group. It works globally to expose corporate wrongdoing and government failures and/or malfeasance that threaten public health, the environment or the food system. Since 2015, it has obtained, posted online, and shared with the media thousands of industry and government documents, including many obtained through judicial enforcement of open records laws. Tens of thousands of pages of documents obtained by USRTK are now available for free public access. It is a member of the Institute for Nonprofit News[1] and has received awards for its journalism including a 2025 James Madison Freedom of Information Award from the Society of Professional Journalists, Northern California chapter, for its work investigating and reporting on the origins of COVID-19.[2]

5. Defendant DoE is a federal agency headquartered in Washington D.C., and it has possession and control over the records Plaintiff seeks.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction pursuant to and 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B) to review the DoE's failure to comply with the statutory deadline for making a determination in response to Plaintiffs' FOIA request.

7. As regards DoE's wrongful denial of Plaintiff's request for expedited processing of its FOIA request, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(6)(E)(iii) to review that denial.

8. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

9. As regards Plaintiff's FOIA request, Plaintiff is not required to further exhaust administrative

---

[1] *See* https://usrtk.org/about-u-s-right-to-know/. (Last electronically accessed on July 1, 2025).

[2] *See* https://spjnorcal.org/2025/02/12/spj-norcal-honors-transparency-champions-in-james-madison-freedom-of-information-awards-3/. (Last electronically accessed on July 1, 2025).

remedies before seeking relief in this Court because the Defendant has neither produced records nor made a timely "determination" as that term is defined in *Citizens for Responsibility & Ethics in Wash. (CREW) v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013).

10. With respect to Plaintiff's request for "expedited processing" of their FOIA request, Plaintiff has no obligation to further exhaust administrative remedies. *See* 5 U.S.C. § 552(a)(6)(E)(iii) ("[a]gency action to deny or affirm a denial of a request for expedited processing …shall be subject to judicial review[.]" *See also ACLU v. U.S. Dep't of Justice*, 321 F. Supp. 2d 24, 28 (D.D.C. 2004) (judicial review appropriate at time of denial of expedited processing).

## PLAINTIFF'S FOIA REQUEST

11. On June 2, 2025, Plaintiff submitted by way of the DoE's FOIA portal a FOIA request to Defendant seeking the record described, specifically Plaintiff sought the DoE's latest "assessment" or "intelligence report" on the origin of the COVID-19 pandemic at the time of the requests' receipt as well as reports and other documents directly referenced in that assessment or intelligence report. Additionally, Plaintiff provided detailed descriptions and citations to the prior or current version of the records sought.

12. Plaintiffs' FOIA request at issue in this suit is attached hereto and incorporated by reference herein as **Exhibit A.**

13. Confirmation of transmission and receipt of Plaintiff's FOIA request on June 2, 2025, is attached hereto and incorporated by reference herein as **Exhibit B**.

14. Plaintiff's FOIA request sought a fee waiver on multiple bases including its status as a member of the news media.

15. Plaintiff's FOIA request also sought expedited processing of its request and extensively described its basis for same including, *inter alia*, the fact that Plaintiff is, as an award-winning member of the news media and thus primarily engaged in disseminating information and that the records sought pertain definitively to DoE's official government activities.

16. Plaintiff's request for expedited processing further explained that it had a demonstrable, compelling and urgent need for expedited processing because the records sought go to the still unanswered questions surrounding the DoE's knowledge of the origins of COVID-19; because there was demonstrable and great public interest in the records sought; because this great public interest has been underscored by relentless, recent and ongoing media interest in the records sought. Plaintiff extensively documented this media interest in their FOIA request citing over fifty recent news articles that relate to the unanswered questions which it seeks to address through its FOIA request. *See Oversight v. U.S. Dep't of Just.*, 292 F. Supp. 3d 501, 508 (D.D.C. 2018) (start and end with media interest). *See also Brennan Ctr. for Just. at NYU Sch. of L. v. Dep't of Com.*, 498 F. Supp. 3d 87, 97 (D.D.C. 2020) (fifty articles more than sufficient to show exceptional media interest).

17. On June 4, 2025, DoE acknowledged Plaintiff's FOIA request and assigned it request number HQ-2025-03244-F. In the same acknowledgement DoE denied Plaintiff's request for expedited processing.  DoE's acknowledgement and denial of expedited processing is attached hereto and incorporated by reference herein as **Exhibit C**.

18. FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of the agency's "determination" is adverse to the requestor. *CREW*, 711 F.3d 180 at 188.

19. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also

toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period. Neither apply here because the DoE has not sought additional information from Plaintiff regarding the request at issue in this suit.

20. Defendant received USRTK's FOIA request on June 2, 2025, and thus owed USRTK a "determination," regarding that request, as that term is defined in *CREW*, 711 F.3d 180 at 188, by July 2, 2025.

21. Notwithstanding its legal obligation to do so, DoE has provided no substantive response or "determination" with respect to the request for records.

22. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011), this Court noted: "[a]n additional effect of the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. *See* S.Rep. No. 110–59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees ... if the agency fails to comply with *any time limit*' of FOIA." (cleaned up).

23. Defendant is now past its statutory period for issuing lawful determinations with respect to the above-described request. Among the consequences of Defendant's violation(s) of the statutory time limits of FOIA is that Defendant cannot now seek fees.

24. In sum, Defendant is unlawfully: failing to search for records, failing to produce records, failing to issue a determination, failing to grant a fee waiver, and failing to grant expedited processing to the Plaintiff.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

25. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set

forth herein.

26. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official government business.

27. Plaintiff has a statutory right to the information it seeks and that Defendant has unlawfully withheld the information.

28. Plaintiff is not required to further pursue administrative remedies or alternatively has constructively exhausted such remedies.

29. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but DoE failed to provide the records;

    b. DoE's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy DoE's obligations under FOIA;

    c. DoE must now produce records responsive to Plaintiff's requests and must do so at no cost to the Plaintiff.

**SECOND CLAIM FOR RELIEF**
**Duty to Produce Records – Injunctive Relief**

30. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

31. Plaintiff is entitled to injunctive relief compelling Defendant to search for and produce the records responsive to the FOIA request described in this pleading.

32. Plaintiff asks the Court to enter an injunction ordering Defendant to search for and produce to Plaintiff, within 10 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above, and any attachments thereto.

33. Plaintiff asks the Court to order parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced

documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to Defendant's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Duty to Provide Expedited Processing

34. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

35. Plaintiff sought expedited processing of its request pursuant to Defendant's expedited processing regulations and was wrongfully denied it.

36. Plaintiff has established that it is a news media outlet for FOIA purposes and that it is primarily engaged in the dissemination of information.

37. The information requested has more value at the present moment than it will in the future for many reasons including: because media attention in the origins of COVID-19 is extremely high and because the origins of COVID-19 are also part of an ongoing political and public debate over both the origins of COVID-19 and the degree of the government's knowledge of same and response to it.

38. Plaintiff has established that their request pertains to Government activity.

39. Plaintiff has established that there is an urgency to inform the public about this Government activity and that Plaintiff, as a news media outlet, is in a position to do so.

40. Plaintiff has already provided the DoE with the requisite specificity regarding their ability to inform the public and need not do more.[3]

41. Defendant's denial of Plaintiffs' request for expedited processing was not in accordance with the law and does not satisfy DoE's obligations under FOIA.

---

[3] *See e.g., JudiDoEl Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1314 (D.C. Cir. 2003) ("the government points to nothing in FOIA, the IRS regulation, or our case law requiring such pointless specificity")

42. Plaintiff is not required to pursue administrative remedies as pertains to its request for expedited processing.

43. Plaintiff therefore asks this court to enter a mandatory injunction ordering that the Defendant process the request at issue herein on an expedited basis.

44. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff are entitled to have their FOIA request, as described above, processed under the DoE's expedited track;

    b. DoE's denial of Plaintiffs' request for expedited processing was not in accordance with the law and does not satisfy the DoE's obligation under FOIA;

    c. DoE must now place Plaintiffs request, as described above, in their expedited processing track.

## FOURTH CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

45. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

46. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

47. This Court should enter an injunction or other appropriate judgment or order requiring the Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2.  Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records on an expedited basis and by failing to notify Plaintiff of a final determination within the statutory time limits;

3.  Declare that the documents sought by the request, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq.*, and must be disclosed;

4.  Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order and without cost to the Plaintiff;

5.  Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6.  Grant such other relief as this Court deems just and proper.

Respectfully submitted this 18th day of July 2025,

US RIGHT TO KNOW
By Counsel:

/s/ Nathaniel M. Lindzen
Nathaniel M. Lindzen, MA Bar No. 689999[4]
Law Office of Nathaniel M. Lindzen
57 School Street
Wayland, MA 01778
Phone: (212) 810-7627
Email: nlindzen@corpfraudlaw.com

---

[4] D.C. Federal Bar ID No. MA0053