# Exhibit C



# Department of Energy
Washington, DC 20585

Lewis Kamb

Via email: lewis@usrtk.org

Re: HQ-2025-03244-F

Dear Mr. Kamb:

This is an interim response to the request for information you sent to the Department of Energy (DOE) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  You requested:

> We request the DOE's latest assessment or intelligence report of the origin of the COVID-19 pandemic at the time this request is received. Please also provide any reports, analyses or appendices directly referred to, described in, or attached to this assessment or intelligence report.

You requested expedited processing of your request and provided the following specific justification:

> U.S. Right to Know's Request for Expedited Processing is for Reasons of Compelling Need. The FOIA states that "compelling need" exists "with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity" 5 U.S.C. § 552(a)(6)(E)(v)(II). The DOE's expedited processing regulation states that "compelling need" exists "when a request is submitted by a person primarily engaged in disseminating information and there is an urgency to inform the public about actual or alleged Federal Government activity." As demonstrated below, U.S. Right to Know's request meets all parts of either requirement. A. U.S. Right to Know is Primarily Engaged in the Dissemination of Information U.S. Right to Know qualifies as a "representative of the news media." U.S. Right to Know is a member of the Institute of Nonprofit News, 4 a national network of 475 independent nonprofit journalism organizations. It has also received journalism awards, including one for coverage of the very topic of this request. In 2025, U.S. Right to Know received a James Madison Freedom of Information Award for its reporting on the origin of COVID-19. The awards, bestowed by the Northern California chapter of the Society for Professional Journalists, recognize people and organizations who have made "significant contributions to advancing freedom of information and expression in the spirit of James Madison, the creative force behind the First Amendment." In its award letter, SPJ NorCal wrote that "U.S. Right to Know's work, and their dedication to pandemic's origin matter urgently to those who suffered severe consequences of COVID-19 or lost loved ones, the origin of the pandemic also has immediate

consequences for tax allocations, and the future direction of science regarding regulations surrounding biosafety. Furthermore, courts have held that the "urgency" standard is essentially synonymous with media interest. See Electronic Privacy Info. Ctr. v. Nat'l Sec. Comm'n, 419 F. Supp. 3d 82, 95 (D.D.C. 2019) ("Evidence such as news articles and other contemporary documents may illuminate whether EPIC's FOIA requests meet the 'urgency to inform' standard."); Protect Democracy Project, Inc. v. U.S. Dep't of Def., 263 F. Supp. 3d 293, 299 (D.D.C. 2017) ("[b]ut as evidence that they were justified [in their claim of urgency to inform the public], one need look no further than the widespread media attention—including by some of the nation's most prominent news outlets"). Oversight v. U.S. Dep't of Justice, 292 F. Supp. 3d 501, 507-08 (D.D.C. 2018) (start and end with review of the media coverage). Here there is no question of media interest in the information that U.S. Right to Know seeks to analyze and disseminate, namely the origins of COVID-19. Thousands of media articles have been published on the subject since 2020, with dozens published in the past month alone. 9 Indeed, courts have routinely found that much lesser showings of media interest are sufficient to warrant expedited processing. See e.g., American Civil Liberties Union v. United States Department of Justice, 321 F. Supp. 2d 24, 32 (D.D.C. 2004) (handful of articles sufficient to show sufficient media interest for expedited processing). Brennan Ctr. for Justice at NYU Sch. of Law v. Dep't of Commerce, 498 F. Supp. 3d 87, 97 (D.D.C. 2020) (fifty recent articles more than sufficient). Despite the overwhelming media interest, the question of Covid origins, about which U.S. Right to Know seeks to inform the public, has yet to be answered. Both President Donald Trump and leaders in the intelligence community have expressed urgency in declassifying information about what is known of the pandemic's origins to the public. 10 In addition, the work of the Intelligence Community – including the DOE – in identifying the origin of COVID-19 and declassifying related documents, has itself become an area of interest to the media and the public. 11 12 Recent news reports quote CIA director John Ratcliffe as saying he wants to make declassifying intelligence on the pandemic's origins a priority. 13 The new Director of National Intelligence Tulsi Gabbard has empaneled a task force to declassify information in the public interest, including intelligence related to COVID-19: "President Trump promised the American people maximum transparency and accountability, " Gabbard said in a statement about the initiative. "We are committed to executing the president's vision and focusing the intelligence community on its core mission: ensuring our security by providing the president and policymakers with timely, apolitical, objective, relevant intelligence to inform their decision-making to ensure the safety, security and freedom of the American people."14 It is furthermore not in dispute that the information sought pertains to "government activity". See supra at "REQUEST FOR FEE WAIVER" , I (A) (explaining how records sought pertain to "government activity"). Thus, the current request is of "compelling need, " having been made by an organization primarily engaged in disseminating information with an urgency to inform the public concerning federal government activity. The DOE must address this request for expedited processing; failure to do so is prima facie arbitrary and capricious.

The FOIA permits agencies to expedite the processing of requests if requesters demonstrate a "compelling need." 5 U.S.C. § 552(a)(6)(E)(i)(I). A "compelling need" is established when one of two criteria are met. 5 U.S.C. § 552(a)(6)(E)(v)(II). The criteria are met when (1) failure to obtain the records quickly "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," or (2) if the "requester is primarily engaged in disseminating information" and can demonstrate that there is an "urgency to inform the public concerning actual or alleged Federal Government activity."

The reasons you have provided do not adequately address the basis for which a request may be expedited. You have not provided information that establishes that there is any imminent threat to the life or safety of an individual that would justify expeditious processing of the request. You also have not identified an actual or alleged activity that poses any particular urgency that requires the dissemination of information in an expedited manner. In order to determine whether a requester has demonstrated an "urgency to inform," and hence a "compelling need," courts consider at least three factors: (1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity. *Al-Fayed v. C.I.A.*, 254 F. 3d 300, 310 (D.C. Cir. 2001); *Associated Press v. DOE*, Case No. TFA-0273 (September 11, 2008).
Your request does not sufficiently address factors one or two. For these reasons, I am denying your request for expeditious processing. The request will be processed in accordance with provisions of the FOIA.

The denial of your request for expedited processing may be appealed within 90 calendar days from your receipt of this letter pursuant to 10 C.F.R. § 1004.8. Appeals should be addressed to Director, Office of Hearings and Appeals, HG-1, L'Enfant Plaza, U.S. Department of Energy, 1000 Independence Avenue, S.W., Washington, D.C. 20585-1615. The written appeal, including the envelope, must clearly indicate that a FOIA appeal is being made. You may also submit your appeal by e-mail to OHA.filings@hq.doe.gov, including the phrase "Freedom of Information Appeal" in the subject line (this is the method preferred by the Office of Hearings and Appeals). The appeal must contain all the elements required by 10 C.F.R. § 1004.8, including a copy of the determination letter. Thereafter, judicial review will be available to you in the Federal District Court either (1) in the district where you reside, (2) where you have your principal place of business, (3) where DOE's records are situated, or (4) in the District of Columbia.

You may contact DOE's FOIA Public Liaison, Todd Burns, FOIA Officer, by email at foia-central@hq.doe.gov, for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please refer to the above referenced number in any communications with DOE about the request.

I appreciate the opportunity to assist you with this matter.

Sincerely,


Todd Burns
FOIA Officer
Office of the General Counsel